**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988
Tel: (732) 549-5600
Fax: (732) 549-1881
Attorneys for Defendants, Kennedy Funding, Inc.,
Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARIBBEAN BAY CLUB, LLC (A Limited Liability Company organized under the laws of the State of Florida)<br><br>Plaintiff,<br><br>v.<br><br>KENNEDY FUNDING, INC. (A New Jersey Corporation); JEFFREY WOLFER; KEVIN WOLFER; GREGG WOLFER; JOHN DOE 1-10 (Fictitious names for the person(s), attorneys and/or entity responsible for the damages complained of by the Plaintiff herein),<br><br>Defendants,<br><br>v.<br><br>CARIBBEAN BAY CLUB, LLC and JACQUES CLOUTIER<br><br>Counterclaim Defendants. | Civil Action No. 2:08-cv-03924 (FSH-PS)<br><br><br><br>**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendants, Kennedy Funding, Inc. ("Kennedy"), with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, Jeffrey Wolfer, with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, Kevin Wolfer,

1041709.03

with a place of business at Two University Plaza, Suite 402, Hackensack, New Jersey, and Gregg Wolfer, with a place of business at Two University Plaza, Hackensack, New Jersey (collectively, "Defendants"), by way of Answer to the September 23, 2008 Amended Complaint of Plaintiff, Caribbean Bay Club, LLC ("Plaintiff" or "Caribbean"), hereby state as follows:

## AS TO JURISDICTION

1.    The statement in paragraph 1 constitutes a statement of Plaintiff's motive, to which no response is required and to which no response is provided.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny the same.

3.    Defendants admit that Plaintiff is alleging damages in excess of $75,000.00.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny the same.

## AS TO FACTS COMMON TO ALL COUNTS OF COMPLAINT

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny the same.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny the same.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny the same.

4.    Defendants admit the allegations contained in paragraph 4.

1041709.03

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants admit the allegations contained in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants admit the allegations contained in paragraph 17.

18. Defendants admit the allegations contained in paragraph 18.

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants admit the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. The statement in paragraph 22 constitutes a statement to which no response is required and to which no response is provided.

23. Defendants deny the allegations contained in paragraph 23, except Defendants admit that Kennedy is engaged in the business of commercial real estate lending.

3

24. Defendants deny the allegations contained in paragraph 24, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

25. Defendants deny the allegations contained in paragraph 25, except they admit that Defendant Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

26. Defendants deny the allegations contained in paragraph 26, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

27. Defendants deny the allegations contained in paragraph 27, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

28. Defendants deny the allegations contained in paragraph 28, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

29. Defendants deny the allegations contained in paragraph 29, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

30. Defendants deny the allegations contained in paragraph 30, except they admit that they are experienced in the area of commercial real estate lending.

31. Defendants deny the allegations contained in paragraph 31, except they admit that they are experienced in the area of commercial real estate lending.

4

32.    Defendants deny the allegations contained in paragraph 32, except Defendants admit that Kennedy maintains a website, the terms of which speak for themselves and provide the best evidence of its content.

33.    Defendants deny the allegations contained in paragraph 33, except Defendants admit that Kennedy Funding, Inc. has closed over 100 commercial real estate loans.

34.    Defendants deny the allegations contained in paragraph 34, except Defendants admit that potential borrowers who had executed Loan Commitment Agreements with Kennedy Funding, Inc. were unwilling or unable to close loans with Kennedy Funding, Inc.

35.    Defendants deny the allegations contained in paragraph 35, except Defendants admit that non-refundable fees paid in connection with Loan Commitment Agreements have not been refunded, and they admit that potential borrowers who had executed Loan Commitment Agreements with Kennedy Funding, Inc. were unwilling or unable to close loans with Kennedy Funding, Inc.

36.    Defendants deny the allegations contained in paragraph 36, except Defendants admit that non-refundable fees paid in connection with Loan Commitment Agreements have not been refunded, and they admit that potential borrowers who had executed Loan Commitment Agreements with Kennedy Funding, Inc. were unwilling or unable to close loans with Kennedy Funding, Inc.

37.    Defendants deny the allegations contained in paragraph 37.

38.    Defendants admit the allegations contained in paragraph 38.

39.    Defendants admit the allegations contained in paragraph 39.

5

1041709.03

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore deny the same.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore deny the same.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore deny the same.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore deny the same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny the same.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore deny the same.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore deny the same, except Defendants admit that the documentation provided by Plaintiff indicates that the "Bella Venetia" property consisted of 407.14 acres located at 899 Knights Trail Road, Venice, Florida.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore deny the same, except Defendants admit that Plaintiff provided an appraisal which appears to have been prepared by Michael T. Twitty.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore deny the same, except

6

Defendants admit that the appraisal provided by Plaintiff indicates that Michael T. Twitty is a State-Certified General Appraiser.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore deny the same, except Defendants admit that the Michael T. Twitty appraisal report is a document the terms of which speak for themselves and provide the best evidence of its content.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore deny the same except Defendants admit that the Michael T. Twitty appraisal report is a document the terms of which speak for themselves and provide the best evidence of its content.

51.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore deny the same except Defendants admit that the Michael T. Twitty appraisal report is a document the terms of which speak for themselves and provide the best evidence of its content.

52.    Defendants admit the allegations contained in paragraph 52.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore deny the same.

54.    Defendants admit the allegations contained in paragraph 54.

55.    Defendants deny the allegations contained in paragraph 55, except Defendants admit that Kennedy Funding, Inc. had received the Entreken Associates appraisal on the same date as recited on the letter of interest.

56. Defendants deny the allegations contained in paragraph 56, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

57. Defendants deny the allegations contained in paragraph 57, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

58. Defendants deny the allegations contained in paragraph 58, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

59. Defendants deny the allegations contained in paragraph 59, except Defendants admit that Kennedy Funding, Inc. received the $10,000.00 letter of interest fee on July 12, 2006.

60. Defendants deny the allegations contained in paragraph 60, except Defendants admit that Kennedy Funding, Inc. received $150,000.00 as payment toward the non-refundable commitment fee.

61. Defendants deny the allegations contained in paragraph 61, except Defendants admit that the letter of interest is a document the terms of which speak for themselves and provide the best evidence of its content.

62. Defendants deny the allegations contained in paragraph 62, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

63.     Defendants deny the allegations contained in paragraph 63, except Defendants admit that the total amount received by Kennedy Funding, Inc. in connection with the transaction was $160,000.00.

64.     Defendants deny the allegations contained in paragraph 64, except Defendants admit that the document provided by Plaintiff in connection with the transaction appears to be executed by Jacques Cloutier on behalf of CBC and on behalf of himself individually and as guarantor.

65.     Defendants admit the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

67.     Defendants deny the allegations contained in paragraph 67, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

68.     Defendants deny the allegations contained in paragraph 68, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

69.     Defendants deny the allegations contained in paragraph 69, except Defendants admit that Kennedy Funding, Inc. had a line of credit of $20,000,000.00.

70.     Defendants deny the allegations contained in paragraph 70, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

9

71.    Defendants deny the allegations contained in paragraph 71, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

72.    Defendants deny the allegations contained in paragraph 72, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

73.    Defendants deny the allegations contained in paragraph 73, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

74.    Defendants deny the allegations contained in paragraph 74, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

75.    Defendants deny the allegations contained in paragraph 75, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

76.    Defendants deny the allegations contained in paragraph 76, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

77.    Defendants deny the allegations contained in paragraph 77, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

1041709.03

78.    Defendants deny the allegations contained in paragraph 78, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

79.    Defendants deny the allegations contained in paragraph 79, except they admit that Kennedy Funding, Inc. engaged the services of Volpe Real Estate Advisors for the purpose of evaluating the property that was to serve as the collateral for the loan.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore deny the same, except Defendants admit that the evaluation of the collateral was done by Volpe Real Estate Advisors, whose principal is Bernard Volpe.

81.    Defendants deny the allegations contained in paragraph 81, except Defendants admit that Bernard Volpe is not an MAI appraiser.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore deny the same.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and therefore deny the same, except Defendants admit that Bernard Volpe has represented that he has had training as an engineer.

84.    Defendants admit the allegations contained in paragraph 84.

85.    Defendants admit the allegations contained in paragraph 85.

86.    Defendants deny the allegations contained in paragraph 86, except Defendants admit that the evaluation of the collateral is a document the terms of which speak for themselves and provide the best evidence of its content.

11

87. Defendants deny the allegations contained in paragraph 87.

88. Defendants deny the allegations contained in paragraph 88, except Defendants admit that the affidavit filed in the Kimball Management, LLC v. Kennedy Funding, Inc. et al, Docket Number 2:05-cv-70972, is a document the terms of which speak for themselves and provide the best evidence of its content.

89. Defendants deny the allegations contained in paragraph 89, except Defendants admit that the evaluation of the collateral was performed by Volpe Real Estate Advisors, whose principal is Bernard Volpe.

90. Defendants deny the allegations contained in paragraph 90, except Defendants admit that the evaluation of the collateral was performed by Volpe Real Estate Advisors, whose principal is Bernard Volpe.

91. Defendants deny the allegations contained in paragraph 91, except Defendants admit that the Volpe Real Estate Advisors evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

92. Defendants deny the allegations contained in paragraph 92, except Defendants admit that the letter of July 24, 2006 is a document the terms of which speak for themselves and provide the best evidence of its content.

93. Defendants deny the allegations contained in paragraph 93, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

94. Defendants deny the allegations contained in paragraph 94, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

12

1041709.03

95.    Defendants deny the allegations contained in paragraph 95.

96.    Defendants deny the allegations contained in paragraph 96.

97.    Defendants deny the allegations contained in paragraph 97, except Defendants admit that the referenced evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

98.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and therefore deny the same.

99.    Defendants deny the allegations contained in paragraph 99.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and therefore deny the same.

101.    Defendants deny the allegations contained in paragraph 101, except Defendants admit that the referenced evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

102.    Defendants deny the allegations contained in paragraph 102, except Defendants admit that the referenced evaluation is a document the terms of which speak for themselves and provide the best evidence of its content.

103.    Defendants deny the allegations contained in paragraph 103.

104.    Defendants deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

1041709.03

106.    Defendants deny the allegations contained in paragraph 106, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

107.    Defendants deny the allegations contained in paragraph 107, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

108.    Defendants deny the allegations contained in paragraph 108, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

109.    Defendants deny the allegations contained in paragraph 109, except they admit that the referenced writing is a document the terms of which speak for themselves and provide the best evidence of its content.

110.    Defendants admit the allegations contained in paragraph 110.

111.    Defendants deny the allegations contained in paragraph 111, except they admit that correspondence from Kennedy Funding, Inc. dated August 16, 2006 is a document the terms of which speak for themselves and provide the best evidence of its content.

112.    Defendants deny the allegations contained in paragraph 112, except they admit that correspondence from Kennedy Funding, Inc. dated August 16, 2006 is a document the terms of which speak for themselves and provide the best evidence of its content.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and therefore deny the same.

14

114.    Defendants deny the allegations contained in paragraph 114, except they admit that Kennedy Funding, Inc. had communications with Sherri Swenson in August 2005 regarding the loan transaction.

115.    Defendants admit the allegations contained in paragraph 115.  Answering further, Defendants state that despite the fact that CBC accepted Kennedy Funding, Inc.'s loan in the amount of $13,140,000.00, Plaintiff did not take the steps necessary to proceed to a loan closing, and ultimately indicated that it was not moving forward with the loan.

116.    Defendants admit the allegations contained in paragraph 116.

117.    Defendants deny the allegations contained in paragraph 117, except Defendants admit that the Loan Commitment Agreement is a document the terms of which speak for themselves and provide the best evidence of its content.

118.    Defendants deny the allegations contained in paragraph 118, except Defendants admit that they believed they had sufficient time to evaluate the collateral and proceed to a closing prior to the time of the essence closing date contained in the Loan Commitment Agreement.

119.    Defendants deny the allegations contained in paragraph 119, except they admit that they are experienced in the area of commercial real estate lending, and they admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

120.    Defendants deny the allegations contained in paragraph 120, except Defendants admit that Kennedy Funding, Inc. and Plaintiff executed a Loan

Commitment Agreement dated July 14, 2006, which is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

121. Defendants deny the allegations contained in paragraph 121, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

122. Defendants deny the allegations contained in paragraph 122, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

123. Defendants deny the allegations contained in paragraph 123. Answering further, Defendants state that Plaintiff notified Defendants that it did not wish to proceed with the loan.

124. Defendants deny the allegations contained in paragraph 124. Answering further, Defendants state that Plaintiff notified Defendants that it did not wish proceed with the loan.

125. Defendants deny the allegations contained in paragraph 125. Answering further, Defendants state that Plaintiff notified Defendants that it did not wish to proceed with the loan.

126. Defendants deny the allegations contained in paragraph 126. Answering further, Defendants state that Plaintiff notified Defendants that it did not wish proceed with the loan.

127. Defendants deny the allegations contained in paragraph 127.

128. Defendants deny the allegations contained in paragraph 128.

129. Defendants deny the allegations contained in paragraph 129.

1041709.03

130. Defendants deny the allegations contained in paragraph 130.

131. Defendants deny the allegations contained in paragraph 131, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

132. Defendants deny the allegations contained in paragraph 132.

133. Defendants deny the allegations contained in paragraph 133.

## Quality Signature Homes, Inc.

134-220. The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit. To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

## Pine Long, LLC

221-266. The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit. To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

1041709.03

## Moser-Downum Investment Group, LLC

267-325.    The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

## Ruggers Acquisition and Development LLC

326-388.    The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

## De Renzy, Inc.

389-416.    The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

1041709.03

## Construcciones Haus Sociedad Anonima De Capital Variable

417-461.    The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

## Royale Luau Resort, LLC

462-533.    The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

## Omni Credit Alliance, Inc.

534-559.    The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

1041709.03

## JM Realty & Investments, LLC

560-606.   The allegations contained in these paragraphs are unrelated to the Plaintiff in the above-captioned lawsuit, and constitute restatements of allegations contained in a complaint in another lawsuit filed by parties unrelated to the Plaintiff in the captioned lawsuit.  To the extent that a response to these allegations is deemed to be appropriate, Defendants hereby incorporate by reference their answers to these allegations that have been filed in the lawsuit referenced in these paragraphs.

## AS TO COUNT ONE
### (Racketeer Influenced Corrupt Organization Act)

607.   Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

608.   With regard to the allegations contained in paragraph 608, Defendants state that the New Jersey statutes speak for themselves.

609.   Defendants deny the allegations contained in paragraph 609.

610.   Defendants deny the allegations contained in paragraph 610.

611.   Defendants deny the allegations contained in paragraph 611.

612.   Defendants deny the allegations contained in paragraph 612.

613.   Defendants deny the allegations contained in paragraph 613.

614.   Defendants deny the allegations contained in paragraph 614.

615.   Defendants deny the allegations contained in paragraph 615.

616.   Defendants deny the allegations contained in paragraph 616.

617.   Defendants deny the allegations contained in paragraph 617.

1041709.03

618. With regard to the allegations contained in paragraph 618, Defendants state that the New Jersey statutes speak for themselves.

619. Defendants deny the allegations contained in paragraph 619, except they admit that Kennedy and Plaintiff executed a Loan Commitment Agreement and that the terms and conditions of that document speak for themselves and provide the best evidence of its content.

620. Defendants admit the allegations contained in paragraph 620.

621. Defendants deny the allegations contained in paragraph 621.

622. Defendants deny the allegations contained in paragraph 622.

623. Defendants deny the allegations contained in paragraph 623.

624. Defendants deny the allegations contained in paragraph 624.

625. Defendants deny the allegations contained in paragraph 625.

626. With regard to the allegations contained in paragraph 626, Defendants state that the New Jersey statutes speak for themselves.

627. Defendants deny the allegations contained in paragraph 627.

628. Defendants deny the allegations contained in paragraph 628.

629. Defendants deny the allegations contained in paragraph 629.

630. Defendants deny the allegations contained in paragraph 630.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

1041709.03

## AS TO COUNT TWO
### (Unjust Enrichment)

631.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

632.    Defendants deny the allegations contained in paragraph 632.

633.    Defendants deny the allegations contained in paragraph 633.

634.    Defendants deny the allegations contained in paragraph 634, except Defendants admit that in accordance with the terms of the agreements between the parties, Plaintiff owes Kennedy the balance of the commitment fee.

635.    Defendants deny the allegations contained in paragraph 635.

636.    Defendants deny the allegations contained in paragraph 636.

637.    Defendants deny the allegations contained in paragraph 637, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

638.    Defendants deny the allegations contained in paragraph 638, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content, and that Plaintiff has failed to pay the balance of the commitment fee.

639.    Defendants deny the allegations contained in paragraph 639.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

1041709.03

## AS TO COUNT THREE
### (Unjust Enrichment)

640.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

641.    Defendants deny the allegations contained in paragraph 641.

642.    Defendants deny the allegations contained in paragraph 642.

643.    Defendants deny the allegations contained in paragraph 643.

644.    Defendants deny the allegations contained in paragraph 644, except Defendants admit that in accordance with the terms of the agreements between the parties, Plaintiff owes Kennedy the balance of the commitment fee.

645.    Defendants deny the allegations contained in paragraph 645.

646.    Defendants deny the allegations contained in paragraph 646.

647.    Defendants deny the allegations contained in paragraph 647.

648.    Defendants deny the allegations contained in paragraph 648.

649.    Defendants deny the allegations contained in paragraph 649.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT FOUR
### (Breach of Contract)

650.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

1041709.03

651.  Defendants deny the allegations contained in paragraph 651, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

652.  Defendants deny the allegations contained in paragraph 652.

653.  Defendants deny the allegations contained in paragraph 653, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

654.  Defendants deny the allegations contained in paragraph 654.

655.  Defendants deny the allegations contained in paragraph 655, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

656.  Defendants deny the allegations contained in paragraph 656, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

657.  Defendants deny the allegations contained in paragraph 657.

658.  Defendants deny the allegations contained in paragraph 658.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

### AS TO COUNT FIVE
### (Breach of the Covenant of Good Faith and Fair Dealing)

659.  Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

24

1041709.03

660. The allegations contained in paragraph 660 constitute a legal conclusion; Defendants deny same and leave Plaintiff to its proofs.

661. Defendants deny the allegations contained in paragraph 661.

662. Defendants deny the allegations contained in paragraph 662.

663. Defendants deny the allegations contained in paragraph 663.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT SIX
### (Common Law Fraud)

664. Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

665. Defendants deny the allegations contained in paragraph 665.

666. Defendants deny the allegations contained in paragraph 666.

667. Defendants deny the allegations contained in paragraph 667.

668. Defendants deny the allegations contained in paragraph 668.

669. Defendants deny the allegations contained in paragraph 669.

670. Defendants deny the allegations contained in paragraph 670.

671. Defendants deny the allegations contained in paragraph 671.

672. Defendants deny the allegations contained in paragraph 672.

673. Defendants deny the allegations contained in paragraph 673.

674. Defendants deny the allegations contained in paragraph 674.

675. Defendants deny the allegations contained in paragraph 675.

1041709.03

676.    Defendants deny the allegations contained in paragraph 676.

677.    Defendants deny the allegations contained in paragraph 677.

678.    Defendants deny the allegations contained in paragraph 678.

679.    Defendants deny the allegations contained in paragraph 679.

680.    The statements contained in paragraph 680 constitute a legal conclusion. Defendants deny same and leave Plaintiff to its proof.

681.    Defendants deny the allegations contained in paragraph 681.

682.    Defendants deny the allegations contained in paragraph 682.

683.    Defendants deny the allegations contained in paragraph 683.

684.    Defendants deny the allegations contained in paragraph 684.

685.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 685, and therefore deny the same.

686.    Defendants deny the allegations contained in paragraph 686.

687.    Defendants deny the allegations contained in paragraph 687.

688.    Defendants deny the allegations contained in paragraph 688.

689.    Defendants deny the allegations contained in paragraph 689.

690.    Defendants deny the allegations contained in paragraph 690.

691.    Defendants deny the allegations contained in paragraph 691.

692.    Defendants deny the allegations contained in paragraph 692.

693.    Defendants deny the allegations contained in paragraph 693.

694.    Defendants deny the allegations contained in paragraph 694.

695.    Defendants deny the allegations contained in paragraph 695.

1041709.03

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT SEVEN
### (New Jersey's Consumer Fraud Statute)

696.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

697.    Defendants deny the allegations contained in paragraph 697.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just

## AS TO COUNT EIGHT
### (Illusory Contract)

698.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

699.    Defendants deny the allegations contained in paragraph 699, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

700.    Defendants deny the allegations contained in paragraph 700, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

27

1041709.03

701.   Defendants deny the allegations contained in paragraph 701, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

702.   Defendants deny the allegations contained in paragraph 702, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

703.   Defendants deny the allegations contained in paragraph 703.

704.   Defendants deny the allegations contained in paragraph 704.

705.   Defendants deny the allegations contained in paragraph 705.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT NINE
### (Void Option Contract)

706.   Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

707.   Defendants deny the allegations contained in paragraph 707, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

708.   Defendants deny the allegations contained in paragraph 708, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

709.   Defendants deny the allegations contained in paragraph 709.

1041709.03

710.    Defendants deny the allegations contained in paragraph 710.

711.    Defendants deny the allegations contained in paragraph 711.

712.    Defendants deny the allegations contained in paragraph 712.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT TEN
### (Declaratory Judgment)

713.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

714.    Defendants deny the allegations contained in paragraph 714, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

715.    Defendants deny the allegations contained in paragraph 715, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

716.    Defendants deny the allegations contained in paragraph 716.

717.    Defendants deny the allegations contained in paragraph 717, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

718.    Defendants deny the allegations contained in paragraph 718, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

29

719. Defendants deny the allegations contained in paragraph 719, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

720. Defendants deny the allegations contained in paragraph 720, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

721. Defendants deny the allegations contained in paragraph 721, except Defendants admit that the Loan Commitment Agreement is a document the terms and conditions of which speak for themselves and provide the best evidence of its content.

722. Defendants deny the allegations contained in paragraph 722.

723. Defendants deny the allegations contained in paragraph 723.

724. Defendants deny the allegations contained in paragraph 724.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT ELEVEN
### (Unconscionable Contract)

725. Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

726. The allegations of paragraph 726 constitute a statement of the opinion of Plaintiff, to which no response is required and to which no response is provided.

727. Defendants deny the allegations contained in paragraph 727.

728. Defendants deny the allegations contained in paragraph 728.

30

1041709.03

729.    Defendants deny the allegations contained in paragraph 729.

730.    Defendants state that the allegations of paragraph 730 constitute statements of the opinions of Plaintiff, to which no response is required and to which no response is provided.    To the extent a response is required, Defendants deny the allegations.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## AS TO COUNT TWELVE
### (Fraud in the Inducement)

1.    Defendants repeat and reallege each of the answers set forth hereinabove as if set forth at length herein.

2.    Defendants deny the allegations contained in paragraph 2.

3.    Defendants deny the allegations contained in paragraph 3.

4.    Defendants deny the allegations contained in paragraph 4.

5.    Defendants deny the allegations contained in paragraph 5.

6.    Defendants deny the allegations contained in paragraph 6.

7.    Defendants deny the allegations contained in paragraph 7.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

31

## AFFIRMATIVE DEFENSES

1.    Each count of the Complaint directed against the Defendants fails to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred due to lack of standing.

3.    Plaintiff's claims are barred by the doctrine of estoppel.

4.    Plaintiff's claims are barred by the doctrine of waiver.

5.    Plaintiff's claims are barred by the statute of frauds.

6.    Plaintiff's claims are barred by the statute of limitations.

7.    Plaintiff's claims are barred by the doctrine of laches.

8.    Plaintiff's claims are barred by the doctrine of unclean hands.

9.    Plaintiff's claims fail to state a claim for attorneys' fees.

10.    Plaintiff has failed to allege with particularity any alleged fraud against any of the Defendants.

11.    Plaintiff did not reasonably rely on any purported misrepresentations or omissions allegedly made by any of the Defendants.

12.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with its obligations under the Loan Commitment Agreement.

13.    Plaintiff's claims are barred, in whole or in part, by the parol evidence rule and/or the integration clause in the Loan Commitment Agreement.

14.    Plaintiff's claims are barred, in whole or in part, by the occurrence or non-occurrence of certain contingent events, over which Defendants had no control.

15.    Defendants did not breach any duties or obligations of any kind, whether arising from common law, statute, contract or otherwise.

32

16.     Any injuries or damages for which the Plaintiff seeks recovery are the proximate result of the actions and/or negligence of other persons or entities, their agents, employees, and/or affiliates, over whom Defendants had no control and for whose actions Defendants were not responsible or liable.

17.     Plaintiff has failed to mitigate any damages allegedly sustained by it in an appropriate and/or timely manner, and has otherwise incurred damages as a consequence of its own actions and/or inaction, for which Defendants are not responsible or liable.

18.     Defendants acted in good faith at all times relevant to the allegations in the Complaint.

19.     Defendants owed no statutory or other duty to Plaintiff, and, in any event, Defendants deny violating any such duty to the extent one is determined to have been owed.

20.     At all times, all Defendants conducted themselves in full compliance with all applicable law, which compliance bars recovery under the claims asserted in the Complaint.

21.     Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Jeffrey Wolfer was acting in his official capacity as an officer, director, and/or employee of Kennedy.

22.     Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Kevin Wolfer was acting in his official capacity as an officer, director, and/or employee of Kennedy.

33

23. Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Gregg Wolfer was acting in his official capacity as an officer, director, and/or employee of Kennedy.

24. Defendants' actions were and continue to be protected by the Business Judgment Rule.

25. Plaintiff has not suffered any loss or damage as a result of any actions of Defendants, and, in any event, any such loss or damage which may have been sustained is de minimus, remote, speculative and/or transient, and hence is not cognizable at law.

26. Defendants relied upon, and had a right to rely upon, the authority of other responsible parties to conduct their activities in a reasonable manner, and in compliance with all applicable laws and regulations.

27. The Loan Commitment Agreement executed by Plaintiff does not fall within the scope of the New Jersey Consumer Fraud Act.

28. The Loan Commitment Agreement executed by Plaintiff does not constitute merchandise within the meaning of the New Jersey Consumer Fraud Act.

29. The Plaintiff's negotiation and execution of the Loan Commitment Agreement alleged in its Complaint was not a consumer transaction within the meaning or purpose of the New Jersey Consumer Fraud Act.

30. Defendants assert each and every defense available to them under 18 U.S.C. §1961 et seq. and N.J.S.A. 2C:41-1 et seq.

31. Plaintiff has failed to plead its RICO claims with sufficient particularity.

32. Plaintiff cannot establish a pattern of racketeering activity.

34

33.    Plaintiff cannot establish any racketeering activity.

34.    Plaintiff's RICO claim is barred because it has not alleged an injury to its business or property "by reason of" a RICO violation.

35.    Plaintiff's RICO claim is barred because it has not properly alleged and cannot establish a RICO "enterprise."

36.    Plaintiff does not have standing to assert its RICO claim.

37.    None of the Defendants participated in the operation or management of the purported RICO enterprise.

38.    Defendants committed no predicate acts pursuant to 18 U.S.C. §1961 et seq. or N.J.S.A. 2C:41-1 et seq.

39.    Plaintiff's RICO claim is barred because it has not adequately identified an enterprise.

40.    Plaintiff's RICO claim is barred because Defendants cannot simultaneously be the enterprise and a RICO defendant.

41.    Plaintiff's claims are barred due to a lack of consideration and/or a failure of consideration.

42.    Plaintiff is barred from recovery of any sum in excess of the paid portion of the commitment fee under the theory of estoppel.

43.    Plaintiff is barred from recovery of any sum in excess of the paid portion of the commitment fee under the theory of waiver.

44.    Plaintiff is barred from recovery pursuant to the terms of the Loan Commitment Agreement under the theory of estoppel.

1041709.03

45.     Plaintiff is barred from recovery pursuant to the terms of the Loan Commitment Agreement under the theory of waiver.

46.     Plaintiff is barred from requesting a trial by jury under the theory of waiver.

47.     Plaintiff is barred from requesting a trial by jury under the theory of estoppel.

48.     At all times material hereto, Plaintiff commenced, used and now continues to assert allegations in its Complaint of record herein as against Defendants for the purpose of harassing, oppressing, delaying and maliciously injuring them, knew or should have known that its allegations and the Complaint were and are wholly lacking any legal or factual basis whatsoever, and further were without any good faith basis to alter or modify existing law of the State of New Jersey, all in violation of the New Jersey Frivolous Suit Statute, N.J.S.A. 2A:15-59.1, et seq. Accordingly, the Plaintiff's Complaint against Defendants should and must be dismissed in its entirety, entitling Defendants to an award of all reasonable attorneys' fees and litigation costs incurred or to be incurred in connection with their defense of the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendants, Kennedy Funding, Inc., Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

By: _____
ALAN S. NAAR

Dated:  October 3, 2008

36

1041709.03

## COUNTERCLAIM

Defendant, Kennedy Funding, Inc. ("Kennedy"), by way of Counterclaim against Plaintiff/Counterclaim Defendant, Caribbean Bay Club, LLC ("Caribbean"), and Counterclaim Defendant, Jacques Cloutier ("Cloutier"), hereby says as follows:

1.     Kennedy is a Lender having its principal place of business at Two University Plaza, Suite 402, Hackensack, New Jersey 07601.

2.     Caribbean, having an address at 1901 South Tamiami Trail, Suite B, Venice, Florida 34293, was a prospective borrower.

3.     Cloutier, having an address at 55 Spyglass Alley, Cape Haze, Florida 33946, was at times relevant hereto the Managing Member of Caribbean.

4.     On or about July 14, 2006, Caribbean, as Borrower, Cloutier, individually and as Guarantor, and Kennedy, as Lender, executed a certain Loan Commitment Agreement.

5.     The Loan Commitment Agreement provided that upon execution of the Loan Commitment Agreement, Kennedy was entitled to a commitment fee in the sum of $830,000.00, which sum was agreed upon to be earned and non-refundable upon execution of the Loan Commitment Agreement.

6.     In accordance with the terms of the Loan Commitment Agreement, and in consideration of Caribbean agreeing to the choice of forum clause, waiver of trial by jury clause, and limitation of damages clause, among other things, Kennedy agreed to accept $140,000.00 upon signing of the Loan Commitment Agreement, and the balance of $690,000.00 to be paid upon closing, or the Borrower's electing not to proceed to a closing, or upon the Borrower's default.

1041709.03

7.      Upon execution of the Loan Commitment Agreement, Caribbean paid to Kennedy the sum of $140,000.00.

8.      On July 24, 2006, Kennedy provided a loan offer to Caribbean in the amount of $13,140,000.00, in accordance with the terms of the Loan Commitment Agreement.

9.      On or about July 27, 2006 Caribbean notified Kennedy that it wished to proceed with a loan for $13,140,000.00.

10.     On or about July 27, 2006, the parties agreed to extend the Loan Commitment Agreement to August 4, 2006.

11.     Thereafter, on or about August 7, 2006, Caribbean notified Kennedy that it was obtaining financing from a different entity.

12.     Subsequent to Caribbean's notification to Kennedy that it was proceeding with another Lender, Caribbean contacted Kennedy on or about August 14, 2006, and indicated that it wished to reject Kennedy's loan offer and proceed with a third party MAI appraisal.

13.     The parties agreed to have CB Richard Ellis conduct the third party appraisal.

14.     Kennedy was notified by CB Richard Ellis that the cost of the third party appraisal would be $15,000.00.

15.     Kennedy made a demand upon Caribbean for reimbursement of the cost of retaining the third party MAI appraiser, in accordance with the terms of the Loan Commitment Agreement.

38

1041709.03

16.    Caribbean failed and neglected to pay $15,000.00 for the retention of the third party appraiser.

17.    Thereafter, Caribbean and Cloutier took no action to either proceed with the third party appraisal process or to proceed to a closing on the previously-accepted loan offer.

18.    As a result of the Counterclaim Defendants' actions, no closing occurred.

19.    Based on the foregoing and in accordance with the terms of the loan commitment agreement, the balance of the commitment fee in the amount of $690,000.00 became due.

20.    To date, Caribbean and Cloutier have failed to pay the balance of the commitment fee in the amount of $690,000.00.

**WHEREFORE**, Kennedy demands judgment, jointly and severally, against Caribbean and Cloutier, in the sum of $690,000.00, together with costs of suit.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendants, Kennedy Funding, Inc., Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

By: _____
ALAN S. NAAR

Dated:  October 3, 2008

39

1041709.03

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendants, Kennedy Funding, Inc., Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer

By: _____
ALAN S. NAAR

Dated: October 3, 2008

40

1041709.03